**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HEATHER LANDRY,**

      **Plaintiff,**

v.                                                          Case No: 6:24-cv-01994-ACC-DCI

**TROPICAL AUTO SALES & RENT**
**TO OWN LLC, a Florida Limited**
**Liability Company,**

      **Defendants.**

---

**ORDER**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion for Entry of Default Final Judgment Against Defendant (Doc. 14)** |
| **FILED:** | **February 13, 2025** |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

**I.      Background**

On November 11, 2024, Plaintiff filed the Complaint against Defendant asserting violations of the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq*. (the FCRA), and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et* seq. Doc. 1. Defendant alleges four claims: (1) "hostile work environment based on gender" in violation of the FCRA; (2) "hostile work environment based on gender" in violation of Title VII; (3) FCRA retaliation; and (4) Title VII retaliation. Doc. 1.

As alleged in the Complaint, Defendant, a car dealership, hired Plaintiff on February 16, 2023 and terminated her on March 16, 2023. Doc. 1 at 4. During that month, Plaintiff worked for Defendant as a "business development center manager" and earned $18.00 per hour. Doc. 1 at 4; Doc. 14 at 8. Defendant's "general manager/finance manager" was Richard Ortiz. Doc. 1 at 5. On March 4, 2023, Defendant hired employee Akeem Huggins. Doc. 1 at 4. Over the next nine days, Plaintiff allegedly encountered two statements by Huggins and two statements by Ortiz that resulted in her experiencing a hostile work environment based on her gender:

- March 4, 2023: Huggins told Plaintiff, "Why don't you learn to do your f**king job." ¶¶ 20, 21;

- March 5, 2023: Huggins told Plaintiff, "Oh, you're one of those. . . . Oh you know, baby daddy must be Hispanic." ¶ 22;

- March 11, 2023: Plaintiff asked for leave to attend a divorce hearing and Ortiz stated, "Oh, that's why you have your nails done, are you still f**king your ex?" ¶¶ 26, 29; and

- March 12, 2023: Ortiz, in a work group chat, stated that "…cancer has to be cut out before it spreads. We need positivity not negativity." ¶ 31.

Doc. 1 at 4-6.

Plaintiff also alleges that between March 6, 2023, and March 15, 2023, she reported the statements on five occasions, including to Ortiz, to a co-owner of the dealership, and to the spouse of the co-owner of the dealership. *Id*. at 5-6. On March 16, 2023, Ortiz terminated Plaintiff on behalf of Defendant and told her that Defendant "was going in a different direction." *Id* at 6. On November 20, 2024, a notice of dissolution for Defendant was filed with the Florida Division of Corporations. Doc. 11 at 2. Defendant has not appeared in this case.

On January 3, 2025, Plaintiff moved for Clerk's default, asserting that Plaintiff properly served Defendant and Defendant failed to respond to the Complaint within the time provided. Doc. 11. The Clerk entered default against the Defendant on January 9, 2025. Doc. 13.

On February 13, 2025, Plaintiff moved for final default judgment on all four claims in the Complaint. Doc. 14 (the Motion). In doing so, Plaintiff seeks a total default judgment of $124,030.49, which includes $73,520 in lost wages, $25,000 in "garden variety compensatory damages," punitive damages in the amount of $25,000, and costs of $510.49. Doc. 14 at 8-10.

## II.     Legal Standard

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the clerk enters default. Fed. R. Civ. P. 55(a).

Second, after obtaining a clerk's default, a plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before granting a default judgment, however, a court must confirm it has jurisdiction over the claims, including that the complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (2); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Anderson v. Blueshore Recovery Sys., LLC*, 2016 WL 1317706, at *2 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1305288 (M.D. Fla. Apr. 4, 2016). Well-pled allegations of fact are admitted by default. *Id.* If a plaintiff's complaint fails to state a claim, a default judgment cannot stand. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.")). A court must also ensure adequate service of

process because a court lacks jurisdiction over a defendant who is not properly served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

### III.   Discussion

The Motion is due to be denied because it fails to include a memorandum of law supporting the Court's subject matter jurisdiction and service of process. Further, the Motion fails to adequately support the proposition that the well-pled allegations in the Complaint state causes of action for the claims asserted in the Complaint. Finally, even if the Court found liability, the calculation of damages would be subject to a separate evidentiary proceeding.

#### A.   Jurisdiction

Before entering default judgment, a court must ensure it has subject matter jurisdiction over the case. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006) (courts have to ensure subject matter jurisdiction). "District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff alleges that Defendant violated the FCRA and Title VII. Title VII is a federal statute and so it would appear that the Court has subject matter jurisdiction. Yet the Complaint contains a section titled, "Title VII / FCRA Statutory Prerequisites" that contains several factual allegations, including factual allegations that appear necessary to support the Court's subject matter jurisdiction under Title VII as well as jurisdiction in relation to the state law claims. Doc. 1 at 3. However, the Motion fails to contain a memorandum of legal authority that supports the Court's subject matter jurisdiction or otherwise addresses those "prerequisites" with a citation to relevant legal authority. As such, the Motion is deficient.

B.     **Service of Process**

Plaintiff filed a return of service stating that Plaintiff:

> served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Complaint and Demand for Jury Trial, Initial Case Order, Notice of Pendency of Other Actions and Disclosure Statement** with the date and hour of service endorsed thereon by me, to: **ALEX TOLEDO** as **DESIGNATED EMPLOYEE FOR REGISTERED AGENT** for **TROPICAL AUTO SALES & RENT TO OWN, LLC**, at the address of: **7128 EAST COLONIAL DRIVE, ORLANDO, FL 32807**, and informed said person of the contents therein, in compliance with state statutes.

Doc. 10. Thereafter, Plaintiff filed a motion seeking entry of a clerk's default, and the Clerk entered default. Doc. 11; 13. Nevertheless, the Court must address service of process when a final default judgment is sought.

As an initial matter, contrary to the return of service, Defendant is not a corporation, it is a limited liability company. Regardless, Florida Statutes section 48.091(4) provides for service upon a registered agent for a corporation or limited liability company. The method for service upon the registered agent of a business entity is slightly different depending on whether the registered agent is an entity or a natural person:

> (4)   A person attempting to serve process pursuant to this section on a registered agent that is other than a natural person may serve the process on any employee of the registered agent. A person attempting to serve process pursuant to this section on a natural person, if the natural person is temporarily absent from his or her office, may serve the process during the first attempt at service on any employee of such natural person.

Fla. Stat. § 48.091(4).

Here, the registered agent is a natural person. Doc. 10. Thus, if the registered agent "is temporarily absent from his or her office, [a person attempting service] may serve the process during the first attempt at service on any employee of such natural person." *See* Fla. Stat. § 48.091(4). Plaintiff failed entirely to address service in the Motion, which, standing alone, is cause to deny the Motion. But even if the Court looks to the return of service (Doc. 10) and the motion for clerk's default (Doc. 14), there is no evidence that Defendant's registered agent was absent

- 5 -

from his office when Plaintiff attempted what appears to be a first attempt at service. Accordingly, it is not clear whether Plaintiff properly served Defendant. *See McGlynn v. El Sol Media Network Inc.*, 2023 WL 7166667, at *1-2 (M.D. Fla. Oct. 21, 2023) (finding return of service on a corporation insufficient where it did not state that the registered agent was not present at the time of service); *Cohan v. Rist Props., LLC*, 2015 WL 224640, at *1 (M.D. Fla. Jan. 15, 2015) ("An entry of clerk's default, however, does not *per se* warrant an entry of default judgment."). Accordingly, Plaintiff has not established service upon Defendant.

### IV.     Elements of the Claim

It is Plaintiff's burden to address the elements of the causes of action and the specific, well-pled facts in the operative complaint that satisfy each of those elements. And given the fact that Plaintiff must address subject matter jurisdiction and service in a renewed motion, if filed, the Court will address some concerns related to the claims themselves. As it stands, the Motion contains a recitation of the elements of the claims and identifies the factual allegations that Plaintiff believes supports those claims. However, the connection between those elements and the factual allegations is conclusory in the Motion and is not obvious to the Court. Nor does the general legal authority cited by Plaintiff support the proposition that all four statements here—over the course of nine days—were related to Plaintiff's gender, let alone that those statements were sufficiently severe or pervasive to create a discriminatorily abusive working environment. Plaintiff's interpretations of those statements and the intentions she assigns to them in the Motion are neither well-pled allegations nor persuasive arguments absent legal authority. Similarly, as to the retaliation claims, the Court questions whether the well-pled factual allegations—as opposed to the legal conclusions—in the Complaint support a claim of retaliation here. If Plaintiff seeks

default judgment, Plaintiff should provide legal authority supporting the proposition that the well-pled allegations here are sufficient to impose liability under the FCRA and Title VII as pled.

V.     **Damages**

If a claim for liability is adequately pleaded, the court must then assess its ability to measure damages.  To this end, the "court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award).  Unlike well pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).  "Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from."  *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010) (emphasis in original).

If warranted, the court may conduct an evidentiary hearing on the issue of damages.  Fed. R. Civ. P. 55(b)(2)(B).  Such a hearing is "not a *per se* requirement," however, and is not mandated where the sought-after damages amount is a liquidated sum, is capable of mathematic calculation, or "where all [the] essential evidence is already of record."  *SEC v. Smyth*, 420 F.3d 1225, 1232, n.13 (11th Cir. 2005) (citing *S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

Here, even if the Court determined liability, the Court would require an evidentiary hearing and would require Plaintiff to establish the asserted damages through testimony and other evidence. Though the Court has before it Exhibit A to the Motion—a declaration from Plaintiff—the Court cannot by virtue of that declaration simply calculate damages. That declaration contains facts not admitted to by default or appropriate for a sum-certain calculation, including: lost wage calculations that include an agreement for weekly overtime; assertions that Plaintiff could not find work for 68 weeks; "garden variety" compensatory damages including moving expenses to another state; and allegations of intentional and grossly negligent and intentional conduct resulting in punitive damages. Accordingly, if the Court does find liability, a hearing on damages will be necessary.

### VI.   Conclusion

Accordingly, it is **ORDERED** that the Motion (Doc. 14) is **DENIED without prejudice**. On or before June 20, 2025, Plaintiff shall file a renewed motion for default judgment. Failure to file a renewed motion by that date may result in dismissal of this case without further notice for failure to prosecute. *See* Local Rule 3.10.

**ORDERED** in Orlando, Florida on June 3, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE