# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HEATHER LANDRY,**

        **Plaintiff,**

v.                                                                 **Case No: 6:24-cv-01994-ACC-DCI**

**TROPICAL AUTO SALES & RENT
TO OWN LLC, a Florida Limited
Liability Company,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Amended Motion for Entry of Default Final Judgment Against Defendant. Doc. 18 (the Motion). As will be explained, the Motion is due to be **GRANTED IN PART.**

**I.  Background**

On November 11, 2024, Plaintiff filed the Complaint against Defendant asserting violations of the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq.* (the FCRA), and Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. 2000e *et* seq. Doc. 1. Defendant alleges four claims: (1) "hostile work environment based on gender" in violation of the FCRA; (2) "hostile work environment based on gender" in violation of Title VII; (3) FCRA retaliation; and (4) Title VII retaliation. Doc. 1. The Clerk entered default against the Defendant on January 9, 2025. Doc. 13.

On February 13, 2025, Plaintiff moved for final default judgment on all four claims in the Complaint, and the Court subsequently entered an order denying that motion without prejudice. Docs. 14, 15. In the Order, the Court noted several deficiencies in the first motion for default

judgment: Plaintiff failed to establish subject matter jurisdiction (Doc. 15 at 4); Plaintiff failed to establish service of process upon Defendant (*Id.* at 5-6); and Plaintiff provided no legal authority to support that the allegations in the Complaint are sufficient to impose liability under the FCRA and Title VII as pled. *Id.* at 6-7.

Plaintiff timely filed the instant motion, a renewed motion for default judgment. Doc. 18. Alternatively, Plaintiff requests leave to amend the complaint in the event the Cout denies the renewed request for entry of default judgment. Doc. 18 at 16-17.

## II.    Legal Standard

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the clerk enters default. Fed. R. Civ. P. 55(a).

Second, after obtaining a clerk's default, a plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before granting a default judgment, however, a court must confirm it has jurisdiction over the claims, including that the complaint states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (2); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Anderson v. Blueshore Recovery Sys., LLC*, 2016 WL 1317706, at *2 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1305288 (M.D. Fla. Apr. 4, 2016). Well-pled allegations of fact are admitted by default. *Id.* If a plaintiff's complaint fails to state a claim, a default judgment cannot stand. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.")). A court must also ensure adequate service of

process because a court lacks jurisdiction over a defendant who is not properly served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

### III.   Discussion

Upon review, the Court finds that the Motion is due to be denied with respect to the request for entry of default judgment. Plaintiff failed to address two of the deficiencies the Court identified in its Order denying the first motion for default judgment. While Plaintiff has addressed the subject matter jurisdiction and service deficiencies, Plaintiff has not addressed the deficiencies with the elements of the claims and the lack of legal authority to support that the well pled allegations in the Complaint are sufficient to impose liability. Doc. 15 at 6-7. Rather, in sections III through V of the Motion, Plaintiff has re-submitted nearly word-for-word—albeit with different formatting— the same information submitted in the first motion for default judgment. *Compare* Doc. 18 at 7-16 *with* Doc. 14 at 1-9. Accordingly, the Motion is denied to the extent Plaintiff seeks entry of default judgment.

Plaintiff alternatively seeks leave to file an amended complaint. Doc. 18 at 16-17. The request is well taken, and the Court will grant Plaintiff leave to file an amended complaint and re-serve Defendant if necessary.[1]

### IV.   Conclusion

1.   The Motion (Doc. 18) is **GRANTED IN PART** such that:

   a.   Plaintiff's request for entry of default judgment is **DENIED**; and

---

[1] If Plaintiff files an amended complaint that asserts "a new claim for relief" against Defendant, then the Plaintiff must re-serve the Defendant pursuant to Federal Rule of Civil Procedure 4, which requires a party to serve a summons with a copy of the complaint upon the defendant(s) to effectuate service. *See* Fed. R. Civ. P. 4(c)(1). This exception does not apply where the changes in the amended complaint are not substantial, *i.e.*, do not assert new claims nor materially alter the claims asserted or the relief sought. *Poitevint v. Dynamic Recovery Servs., Inc.*, 2011 WL 201493, at *1 (M.D. Fla. Jan. 20, 2011).

      b.      Plaintiff's request for leave to file an amended Complaint is **GRANTED**. Plaintiff may file an amended complaint **on or before January 12, 2025**. Failure to file a renewed motion by that date may result in dismissal of this case without further notice for failure to prosecute. *See* Local Rule 3.10.

**ORDERED** in Orlando, Florida on December 4, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE